**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TREASURY SOLUTIONS HOLDINGS, INC., a Georgia corporation; et al., <br><br>          Plaintiffs - Appellants, <br><br>    v. <br><br> UPROMISE, INC., a Delaware corporation; et al., <br><br>          Defendants - Appellees, <br><br>    And <br><br> JOHN DOES, 1 through 10, individuals; et al., <br><br>          Defendants. | No. 12-15239 <br><br> D.C. No. 3:10-cv-00031-ECR-WGC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and submitted March 11, 2014
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

This case arises from the alleged tortious interference with a contract to provide management services for Nevada's college savings plan. The district court dismissed the complaint for failure to state a claim, relying solely on the ground that the claim was barred by the relevant statute of limitations (although the court mentioned other pleading deficiencies upon which it did not rely). This court has jurisdiction pursuant to 28 U.S.C. § 1291 as the review of a final judgment of a district court. A dismissal under Rule 12(b)(6) is reviewed de novo. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). We REVERSE.

The claim is not barred by the statute of limitations. Nevada has a "general rule" that applies in all cases unless otherwise specified: "a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 780 (9th Cir. 2002) (applying Nevada law). In this case, the alleged "wrong" occurred when the intentional interference took place (the Ferko email of 10/26/06), but no injuries were sustained by the Plaintiffs until the contract was breached when Nevada failed to pay fees due to Treasury Solutions on some unspecified date in January 2007. The claim therefore must

have accrued at some time within three years of December 28, 2009, the date the complaint was filed, at which point the statute of limitations had not yet run.

REVERSED.